# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY McLAUGHLIN, | ) NO. EDCV 07-00673-CAS (MAN) |
| Petitioner, | ) |
| v. | ) ORDER ADOPTING FINDINGS, |
| BEN CURRY, WARDEN, | ) CONCLUSIONS, AND RECOMMENDATIONS |
| Respondent. | ) OF UNITED STATES MAGISTRATE JUDGE |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition for Writ of Habeas Corpus, all of the records herein, the Report and Recommendation of United States Magistrate Judge ("Report"), and Petitioner's Objections to the Report. Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the Court has conducted a *de novo* review of those matters to which objections have been stated in writing.

Petitioner's principal objection to the Report is premised on his contention that the Supreme Court's recent decision in Swarthout v. Cooke, ___ U.S. ___, 131 S. Ct. 859 (2011)(*per curiam*), does not govern in this action. Petitioner argues that: (1) neither the Supreme Court

in Swarthout nor the Ninth Circuit has ruled that Hayward v. Marshall, 603 F.3d 546, 561 (9th Cir. 2010)(*en banc*), was effectively overruled by Swarthout; (2) reliance on Swarthout is improper at this time, because the parties have sought rehearing; (3) Swarthout has "diminished" precedential value, because it is a "summary disposition" that issued without briefing or oral argument; and (4) Swarthout left open the question of whether, "in light of the statutory predicates in California law," California prisoners retain a federal due process liberty interest in receiving parole in the absence of some evidence of future dangerousness.

Petitioner's argument (1) is foreclosed by Miller v. Gamie, 335 F.3d 889, 899-900 (9th Cir. 2003)(*en banc*), which is cited in the Report. Moreover, in unpublished decisions to date reversing grants of habeas relief based on pre-Swarthout Ninth Circuit decisions, affirming district court denials of relief, and dismissing pending appeals of the denial of habeas relief, the Ninth Circuit has made plain its conclusion that Swarthout is binding and overrules Ninth Circuit precedent such as Hayward. For that same reason, Petitioner's argument (2) fails as well.

Petitioner's argument (3) also is without merit. While a true "summary affirmance" (*i.e.,* one without a reasoned decision, unlike the decision rendered in Swarthout) may have less precedential value as a reasoned opinion on the merits for purposes of the Supreme Court's *own* review (Edelman v. Jordan, 415 U.S. 651, 670-71, 94 S. Ct. 1347, 1359 (1974)), "summary" decisions by the Supreme Court are binding on the lower federal courts until the Supreme Court advises "'that [they] are not'" (Hicks v. Miranda, 422 U.S. 332, 344-34, 95 S. Ct. 2281, 2289

(1975)(citation omitted)). *See* United States v. Blaine County, Montana, 363 F.3d 897, 904 (9th Cir. 2004)(noting the "well-established rule that the Supreme Court's summary affirmances bind lower courts unless subsequent developments suggest otherwise" and observing that, while the Supreme Court "is more willing to reconsider its own summary dispositions than it is to revisit its prior opinions, this principle does not release the lower courts from the binding effect of summary affirmances").

With respect to Petitioner's argument (4), the Court is not persuaded that Swarthout leaves room for the federal due process claim posited by Petitioner. *See* Nikooseresht v. Curry, 2011 WL 1097506, at *1 (9th Cir. March 23, 2011)("Although Petitioner argues that *Swarthout* leaves open a question about the proper outcome here, we are not persuaded."). The language of Swarthout appears to foreclose Petitioner's contention.

Finally, the Court rejects Petitioner's assertion that Bono v. Benov, 197 F.3d 409 (9th Cir. 1999), mandates relief based on Ground Three of the Petition, and the Magistrate Judge erred in failing to address the Bono decision. Contrary to Petitioner's assertion, Bono was a 28 U.S.C. § 2241 habeas action and did not stem from a 28 U.S.C. § 2255 motion. The instant Petition is governed by the 28 U.S.C. § 2254 standard of review, which was not applicable in Bono, and the Report (at 15-16) addressed the effect of that deferential standard of review on the issue raised by Ground Three. Petitioner's assertion that *de novo* review governs Ground Three is incorrect.

    Having completed its review, the Court accepts and adopts the Report and the findings of fact, conclusions of law, and recommendations therein.

    IT IS ORDERED that: (1) the Petition is denied; and (2) Judgment shall be entered dismissing this action with prejudice.

    IT IS FURTHER ORDERED that the Clerk serve copies of this Order and the Judgment herein on the parties.

    LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: April 4, 2011

*Christina A. Snyder*

---
CHRISTINA A. SNYDER
UNITED STATES DISTRICT JUDGE